IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUYET HUNG LE,

                Plaintiff,                      CV-07-39-ST

        v.                                FINDINGS AND RECOMMENDATIONS

UNITED STATES of AMERICA and CPL S. LACY,

                Defendants.

STEWART, Magistrate Judge:

Plaintiff, Duyet Hung Le, an inmate at the Oregon State Correctional Institution, originally filed this action in the Circuit Court for the State of Oregon for the Third Judicial District, Small Claims Division, against the United States Postal Service ("USPS") and "Cpl. S. Lacy," an employee of the Oregon Department of Corrections. Plaintiff seeks to recover damages for a wrist watch that he claims was lost in the United States mail from the Oregon State Penitentiary to Timex Corporation. The USPS removed the action to this court.

1 - FINDINGS AND RECOMMENDATIONS

Although plaintiff fails to specify the legal basis for his claim, he appears to allege a claim for negligent handling of the United States mail. Thus, plaintiff's claim against the USPS is a tort claim governed by the Federal Tort Claims Act ("FTCA"), 28 USC § 2671 *et seq.* Under the FTCA, a tort claim filed against the USPS is properly treated as a tort claim against the United States. *Anderson v. United States Postal Serv.*, 761 F2d 527, 528 (9th Cir 1985) (citation omitted). Accordingly, this court granted defendants' motion to substitute the United States in place of the USPS (docket # 20).

The United States has now filed a Motion to Dismiss (docket # 5) based on the lack of subject matter jurisdiction. Plaintiff responded by filing a Motion to Remand (docket # 15). For the reasons set forth below, plaintiff's motion should be denied and the United States' motion should be granted.

**FINDINGS**

**I.      Plaintiff's Motion to Remand**

According to 28 USC §1446(b), removal must be accomplished within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceedings is based." Plaintiff argues that this action should be remanded back to state court because the USPS did not file its Notice of Removal within 30 days as required by 28 USC § 1446(b), but instead filed it five months after receiving a copy of the initial pleading.

The United States does not dispute that it filed the notice of removal more than 30 days after receiving notice of plaintiff's small claims action. However, it contends that the 30-day

removal requirement does not apply to tort claims filed against federal agencies, relying on the following language of 28 USC § 2679(d)(2):

> Upon certification by the Attorney General that the *defendant employee* was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed* without bond *at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. . .

(Emphasis added).

This statute specifically allows the United States to remove FTCA actions against federal employees "at any time before trial." *See McLaurin v. United States*, 392 F3d 774, 779 n17 (5th Cir 2004), *cert denied*, 545 US 1104 (2005). However, plaintiff does not name any federal employee as a defendant, but instead names only the USPS (now substituted by the United States) as a defendant. As a result, the Attorney General was not required to certify that any federal employee "was acting within the scope of his office or employment." Instead, this case was removable immediately upon service of the complaint on the USPS under 28 USC § 1442(a)(1) which allows removal of any action against the "United States or any agency thereof." In fact, the Notice of Removal specifically states that the action is subject to removal under 28 USC § 1442(a)(1) and does not even refer to 28 USC §2679(d)(2) as the basis for removal. Accordingly, 28 USC § 2679(d)(2) does not apply.

Since the Notice of Removal was filed more than 30 days after service of the complaint, it was untimely. However, defects in removal procedures do not oust the federal court of jurisdiction. An untimely removal is a procedural, not a jurisdictional, defect. *See Maniar v. F.D.I.C.,* 979 F2d 782, 784 (9th Cir 1992). It follows that an untimely removal is waived unless

3 - FINDINGS AND RECOMMENDATIONS

challenged by a timely motion for remand.  The procedure for remanding a case to state court is set forth in 28 USC § 1447(c) as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . .

The Notice of Removal was filed on January 9, 2007.  Because plaintiff's motion to remand is based on a procedural defect, and not the lack of subject matter jurisdiction, it "must be made within 30 days after the filing of the notice of removal."  *Id*.  However, plaintiff did not filed his Motion to Remand until February 9, 2007, the 31st day after the Notice of Removal was filed.  Thus, plaintiff's motion to remand should be denied as untimely.

**II.     United States' Motion to Dismiss**

The United States seeks dismissal of plaintiff's claim for two reasons.  The first reason is the lack of subject matter jurisdiction based on sovereign immunity.  The United States, as a sovereign, is immune from suit except as it consents to be sued.  The FTCA waives the United States' sovereign immunity for certain claims while expressly reserving its sovereign immunity for other claims.  *See Anderson,* 761 F2d at 528.  However, the FTCA does not waive sovereign immunity for a "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 USC § 2680(b).

Plaintiff does not dispute that this is a tort claim that arises out of a claimed loss, miscarriage or negligent handling of the United States mail.  As a result, sovereign immunity bars his claim against the USPS.  *See e.g. Anderson* (tort claim against the USPS for loss of a package during the robbery of a postal carrier was barred by sovereign immunity); *Insurance Co.*

*of N. Am. v. United States Postal Serv.,* 675 F2d 756 (5th Cir 1982) (claim by an insurer against the USPS to recover for a lost bag of currency sent by registered mail held barred by sovereign immunity). Simply put, the USPS cannot be held liable for the loss of any object dropped into a mailbox. As a result, this court lacks subject matter jurisdiction.

In addition, the FTCA provides that a tort action against the United States may not be filed "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied." 28 USC § 2675(a). The district court lacks subject matter jurisdiction unless the plaintiff first strictly complies with this procedure. *McNeil v. United States,* 508 US 106, 109 (1993); *Jerves v. United States,* 966 F2d 517, 519, 521 (9th Cir 1991). This requirement is jurisdictional. *Cadwalder v. United States*, 45 F3d 297, 300 (9th Cir 1995). Failure to comply with this administrative exhaustion requirement mandates dismissal. *Flamingo Ind., Ltd. v. United States Postal Serv.*, 302 F3d 985, 995 (9th Cir 2002), *rev'd on other grounds*, 540 US 736 (2004). The United States has presented evidence that plaintiff has failed to administratively exhaust his claim against the USPS, which plaintiff does not dispute.[1]

Accordingly, this court lacks subject jurisdiction over plaintiff's claim for negligent transmission of postal matters based on 28 USC § 2680(b) and based on plaintiff's failure to administratively exhaust his claim as required by 28 USC § 2679(a). As a result, the claims against the United States should be dismissed.

---

[1] However, this failure can be remedied. As provided in 28 USC 2679(d)(5), if this action is "dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if – (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action."

The only remaining claim is a state law claim alleged against defendant "Cpl. S. Lacy" over which this court may decline supplemental jurisdiction under 28 USC § 1367(c). According to 28 USC § 1447(c), whenever "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." However, following dismissal of the federal claim, the court has discretion to either dismiss the action or remand the remaining state law claims to state court. *See Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F3d 931, 936, *opinion amended*, 350 F3d 916 (9th Cir 2003), *cert denied*, 541 US 1041 (2004). A remand is preferable to dismissal because it avoids any statute of limitations problems and the time and expense of filing new pleadings in state court. *Carnegie-Mellon Univ. v. Cohill*, 484 US 343, 351 (1988). It is not clear at this point whether plaintiff can pursue any claim against defendant "Cpl. S. Lacy" because the record contains no evidence that plaintiff has served that defendant. Therefore, the court recommends against remanding this case until it determines whether plaintiff has a viable state law claim to pursue.

## RECOMMENDATIONS

For the reasons set forth below, plaintiff's Motion to Remand (docket # 15) should be DENIED; the United States' Motion to Dismiss (docket # 5) should be GRANTED; and the claims against the United States should be dismissed with prejudice.

///

///

///

///

///

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due May 4, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

**NOTICE**

This Findings and Recommendations is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 19th day of April, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge