IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DUYET HUNG LE,<br><br>                Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA and<br>CPL S. LACY,<br><br>                Defendants. | Civil No. 07-39-ST<br><br>O R D E R |

Duyet Hung Le
ID# 7139133
Oregon State Correctional Institution
3405 Deer Park Drive SE
Salem, Oregon  97310

      Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

-and-

Page 1 - ORDER

      Kelly A. Zusman
      Assistant United States Attorney
      1000 S.W. Third Avenue, Suite 600
      Portland, Oregon  97204-2902

           Attorneys for Defendants

KING, Judge:

      The Honorable Janice M. Stewart, United States Magistrate Judge, filed Findings and Recommendation on April 19, 2007.  Plaintiff filed timely objections to the Findings and Recommendation.  When either party objects to any portion of a magistrate's Findings and Recommendation, the district court must make a <u>de novo</u> determination of that portion of the magistrate's report.  28 U.S.C. § 636(b)(1); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).  The matter is before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

      This court has, therefore, given <u>de novo</u> review of the rulings of Magistrate Judge Stewart.  I decline to adopt Magistrate Judge Stewart's findings concerning the application of 28 U.S.C. § 2678(d)(2) and the timeliness of plaintiff's Motion to Remand.

      The federal district courts have exclusive jurisdiction of civil actions on claims against the United States for money damages resulting from torts committed by a federal employee or federal agency or the United States itself, if the employee was acting within the scope of his office or employment.  28 U.S.C. § 1346(b)(1).  Under the Federal Tort Claims Act, the United States has the right to remove the action to a federal district court "at any time before trial."  28 U.S.C. § 2679(d)(2).  Since plaintiff here did not name an individual employee, there was no need, or indeed any ability, for the Attorney General to certify that the employee was acting within the scope of employment.  Although the statute is not worded clearly, I agree with the

Page 2 - ORDER

United States that it cannot follow that a tort claim improperly naming a federal employee can be removed at any time but a tort claim naming a federal agency or the United States must be removed within 30 days.  Accordingly, I conclude that the United States was not late in removing the action.  This also means that there is no need to address the timeliness of plaintiff's Motion to Remand, which appears to be timely under the mailbox rule, now that we have additional information about when he turned the motion over to the prison authorities for mailing.

I adopt the remaining portions of the Findings and Recommendation of Magistrate Judge Stewart dated April 19, 2007.

IT IS HEREBY ORDERED that plaintiff's Motion to Remand (#15) is denied.  The United States' Motion to Dismiss (#5) is granted.  The claims against the United States are dismissed with prejudice.

DATED this    22nd    day of May, 2007.

                                              /s/ Garr M. King
                                              GARR M. KING
                                      United States District Judge